**James C. Mahan
U.S. District Judge**

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

AARON PRICE,

       Plaintiff,

v.

HOWARD SKOLNIK, et al.,

       Defendants.

2:10-CV-1555 JCM (GWF)

**ORDER**

Presently before the court is defendants James Baca's, James Gregory Cox's, Don Hellings', William Shaw's, Howard Skolnick's, Gregory Smith's, George Sorich's, Michael Thalman's, Vincent Verdova's, and Adam Watson's motion to dismiss. (Doc. #12). The plaintiff Aaron Price has responded (doc. #15), but to date no reply has been filed.

Plaintiff filed the instant civil rights complaint on August 16, 2010, in Nevada's Eighth Judicial District Court (doc. #1-2) alleging that he is Jewish and that prison officials denied his requests for kosher meals. Thereafter, on September 13, 2010, defendants removed the case to federal court. (Doc. #1). The court screened the complaint (doc. #9), and defendants subsequently filed the instant motion to dismiss (doc. #12). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of

1  entitlement to relief.'" *Id.* (citing *Bell Atlantic*, 550 U.S. at 557). However, where there are well pled
2  factual allegations, the court should assume their veracity and determine if they give rise to relief.
3  *Id.* at 1950.

4        Under the Prison Litigation Reform Act ("PLRA"), a prisoner must exhaust available
5  administrative remedies before bringing a federal action. 42 U.S.C. § 1997e(a). Exhaustion is an
6  affirmative defense, *Jones v. Bock*, 549 U.S. 199, 211–12 (2007), under which defendants have the
7  burden of proving that further administrative remedies are available to the plaintiff, *Brown v. Valoff*,
8  422 F.3d 926, 936 (9th Cir. 2005). In deciding a motion to dismiss for failure to exhaust
9  administrative remedies, the court may look beyond the pleadings and decide disputed issues of fact.
10 *Wyatt v. Terhune*, 315 F.3d 1108, 1119–20 (9th Cir. 2003). The proper remedy where the defendant
11 can show that a claim has not been exhausted is dismissal without prejudice. *See Wyatt*, 315 F.3d
12 at 1119 (failure to exhaust administrative remedies is not decision on the merits).

13       Citing the exhaustion requirement under the PLRA, defendants urge the court to dismiss
14 plaintiff's claims regarding the denial of kosher meals for failure to properly grieve. Defendants have
15 attached plaintiff's "inmate issue history" (doc. #12-1), which reflects three such complaints.[1]

16       The first two complaints are first-level grievances. On December 6, 2010, plaintiff alleges
17 that prison officials retaliated against him for receiving a kosher diet. (*Id.* at 2). The grievance was
18 denied, and officials directed plaintiff to review "flyers/memo" regarding the Common-fair Menu"
19 with a caseworker. (*Id.*). The second, recorded on May 27, 2010, alleges that plaintiff's requests for
20 kosher meals were being denied. (*Id.* at 5). Officials responded with a statement from Deputy
21 Director Greg Cox: "Effective immediately, the NDOC [Nevada Department of Corrections] will
22 only serve kosher meals to inmates that can prove through a recognized, outside organization that
23 they are orthodox or conservative Jew and follow the policies and procedures outlined in A.R. 810."
24 (*Id.*).

25       The third complaint, a second-level grievance recorded August 19, 2010, was ultimately "not

---

[1] For ease of reference, the grievances are discussed in the order in which they appear in the inmate issue history, rather than in chronological order.

**James C. Mahan**
**U.S. District Judge**

- 2 -

accepted" because plaintiff failed to "attach the informal grievance with response, the first level with response to a second level grievance." (*Id.* at 5). The court agrees with defendants that plaintiff's failure to comply with the procedural requirements at the second-level means that the claims contained in the complaint have not been administratively exhausted, and the complaint should be dismissed without prejudice.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion to dismiss (doc. #12) is GRANTED.

DATED May 13, 2011.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 3 -